UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

CENTRAL NEW YORK FAIR
BUSINESS ASSOCIATION; CITIZENS
EQUAL RIGHTS ALLIANCE; DAVID
R. TOWNSEND, New York State
Assemblyman; MICHAEL J. HENNESSY,
Oneida County Legislator; D. CHAD
DAVIS, Oneida County Legislator; and
MELVIN L. PHILLIPS,

        Plaintiffs,

  -against-            6:08-cv-0660 (LEK/DEP)

SALLY M. R. JEWELL, in her official
capacity as Secretary of the U.S.
Department of the Interior; MICHAEL
L. CONNOR, in his official capacity as
Deputy Secretary of the U.S. Department
of the Interior; ELIZABETH J. KLEIN,
in her official capacity as Associate
Deputy Secretary of the Department of
the Interior; and CHESTER MCGHEE, in
his official capacity as Eastern Region
Environmental Scientist,

        Defendants.

## DECISION and ORDER

**I. INTRODUCTION**

This matter returns to the Court on Plaintiffs' Motion for reconsideration of the Court's March 26, 2015 Memorandum-Decision and Order granting summary judgment in favor of Defendants on all remaining claims. Dkt. No. 129 ("Motion"). Defendants have opposed the Motion. Dkt. No. 130 ("Response"). For the following reasons, the Motion is denied.

## II. BACKGROUND[1]

Plaintiffs commenced this action on June 21, 2008, challenging a May 20, 2008 Record of Decision ("ROD") issued by the Department of the Interior ("DOI") taking over 13,000 acres of land in Central New York into trust for the benefit of the Oneida Indian Nation of New York ("OIN" or the "Nation"). Dkt. Nos. 1 ("Complaint"); 58 ("Amended Complaint"). The Court dismissed many of Plaintiffs' claims on Defendants' Motion for partial dismissal. Dkt. No. 74 ("2010 Memorandum-Decision and Order"). Following Defendants' Motion for summary judgment on Plaintiffs' remaining claims, the Court remanded to DOI to determine whether OIN was eligible to have land taken into trust under the Supreme Court's recent decision in Carcieri v. Salazar, 555 U.S. 379 (2009). Dkt. No. 103 ("2012 Memorandum-Decision and Order"). In Carcieri, the Supreme Court determined that the word "now" in the definition of "Indian" in the Indian Reorganization Act of 1934 ("IRA"), 25 U.S.C. § 461 *et seq.*—"all persons of Indian descent who are members of any recognized Indian tribe now under Federal jurisdiction"—meant the date of the IRA's enactment in 1934. Carcieri, 555 U.S. at 381. On February 19, 2014, DOI filed an amendment to the ROD, which concluded that OIN "was under federal jurisdiction in 1934 because the Oneidas voted in an election called and conducted by the Secretary of the Department of the Interior pursuant to Section 18 of the IRA on June 18, 1936." Dkt. No. 109-1 ("Opinion"). Defendants again moved for summary judgment on Plaintiffs' remaining claims, and in a Memorandum-Decision and Order dated March 26, 2015, the Court granted Defendants' Motion in its entirety. 2015 MDO.

---

[1] For a complete background of the case, reference is made to the Court's March 26, 2015 Memorandum-Decision and Order. Dkt. No. 127 ("2015 Memorandum-Decision and Order").

2

## III. LEGAL STANDARD

A motion for reconsideration may be granted where there is "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice." Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP, 322 F.3d 147, 167 (2d Cir. 2003) (quoting Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992)). "The standard for granting a motion for reconsideration 'is strict and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" Advanced Fiber Techs. Trust v. J&L Fiber Servs., Inc., 751 F. Supp. 2d 348, 382-83 (N.D.N.Y. 2010) (Kahn, J.) (quoting Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995)). "[R]econsideration 'should not be granted where the moving party seeks solely to relitigate an issue already decided.'" Id. at 383 (quoting Shrader, 70 F.3d at 257).

## IV. DISCUSSION

Plaintiffs do not meet, or attempt to meet, any of the standards for reconsideration. Liberally read, Plaintiffs appear to assert that the Court erred in applying Chevron deference to the Secretary's interpretations of "under federal jurisdiction" and "recognized Indian tribe." See Mot. at 1-2. Under United States v. Mead Corp., an agency's interpretation only "qualifies for Chevron deference when it appears that Congress delegated authority to the agency generally to make rules carrying the force of law, and that the agency interpretation claiming deference was promulgated in the exercise of that authority." 533 U.S. 218, 226-27 (2001). The Court noted the Secretary's "broad authority over Indian affairs," citing 43 U.S.C. § 1457 and 25 U.S.C. § 9. 2015 MDO at 11.

Plaintiffs argue that the Court "never decide[d] that 25 U.S.C. § 465 is the only legal basis of the 25 CFR Part 151 regulations." Mot. at 8. However, the inquiry under Mead is whether "Congress delegated authority to the agency generally to make rules carrying the force of law." Mead, 533 U.S. at 226-27. The Secretary of the Interior is clearly delegated authority under 25 U.S.C. § 465. 25 U.S.C. § 465 ("The Secretary of the Interior is authorized . . . to acquire . . . lands for the purpose of providing land for Indians."). There is no error in the Court's citation to 43 U.S.C. § 1457 and 25 U.S.C. § 9 in support of the Secretary's "broad authority over Indian affairs."

Plaintiffs further reiterate arguments the Court has already rejected. Thus, Plaintiffs argue that the federal jurisdiction over the Oneidas was extinguished by Removal Act and the Treaty of Buffalo Creek. Mot. at 9-10. The Court rejected this argument because it remains the law in the Second Circuit that "the Oneidas' reservation was not disestablished." 2015 MDO at 16-17 (quoting Oneida Indian Nation of N.Y. v. Madison Cnty., 665 F.3d 408, 443 (2d Cir. 2011)). Plaintiffs also raise new and irrelevant arguments that are not properly raised in a reconsideration motion. See Mot. at 10 (arguing that Indian Citizenship Act of 1924 withdrew the Secretary of the Interior's authority under 43 U.S.C. § 1457); Id. at 11 (arguing that 43 U.S.C. § 1457 is unconstitutional as applied to Indians under the Equal Protection Clause of the 14th Amendment).

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Plaintiffs' Motion (Dkt. No. 129) for reconsideration is **DENIED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED: November 02, 2015
Albany, NY

_____
Lawrence E. Kahn
U.S. District Judge